IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                      CASE NO.: 1:08cr10-SPM

JOHN ROGER SAGER
WILLIAM J. ERICKSON,
MINERVA AGATHA QUINTANA,
DIEGO CHOXJ CHA,
FRANCISCO SAC, and
DOREEN SAGER,

               Defendants.
_____/

## <u>ORDER DENYING MOTIONS TO SUPPRESS</u>

Defendant William Erickson has moved to suppress evidence gathered during the execution of three search warrants on property that he owns.  He argues that the warrant affidavits contain incorrect information that invalidates them under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

The charges against Erickson stem for an indoor marijuana grow operation that was discovered at property owned by co-defendant John Sager at 4150 Northeast 167th Court, Williston, Florida ("first Williston property").  The first Williston property was searched at 10:30 a.m. on April 9, 2008.  Officers investigated utility and property records, which lead them to three contiguous

rural residential properties located on the border of Alachua and Levy County, Florida.

One property at 12991 NE 100th Street, Williston, Levy County, Florida ("100th Street property") is owned by Sager and Erickson jointly.  A second property at 19931 SW 187th Avenue, Alachua County, Florida ("187th Avenue property") is owned by Erickson with utilities provided through a joint account for Sager and Erickson.   A third property at 20120 SW 191st Avenue, Archer, Alachua County, Florida ("191st Avenue property") is owned by Erickson.

Co-defendant Francisco Sac was apprehended at the first Williston property along with another Guatemalan male.  Sac advised law enforcement that the boss of the grow operation, whom he identified through a photograph of John Sager, had taken Sac to another property in the Archer area.  Investigators drove Sac to the 100th Street property, which Sac stated was the place where approximately three weeks before he installed marijuana cultivation equipment and saw approximately 900 marijuana plants in various stages of growth.

The motions to suppress filed by Erickson concern the 100th Street property (doc. 108), the 187th Avenue property (doc. 109), and the 191st Street property (doc. 110).  All three motions are substantially the same.  Erickson identifies certain facts that were contained in some of the warrant affidavits but omitted from others.  He clarifies or asserts other facts.

Specifically, Erickson states that Sac did not recognize a photograph of

Erickson and that the other Guatemalan working at the first Williston property

simply "turned white and said I am leaving this in God's hand."  This information

is contained in the search warrant affidavits for the 187th Avenue property and

the 191st Avenue property, both located Alachua County and owned by Erickson.

It is not contained in the search warrant affidavit for the 100th Street property,

which is located in Levy County and owned by Sager.  Erickson notes that the

Guatemalans spoke an Indian dialect and had difficulty with the translator.  This

information is not contained in any of the affidavits.  Erickson claims that Sac had

never been to the 100th Street property until law enforcement took him there and

that Sac did not provide a map.  Erickson provides nothing to substantiate this

claim.

Erickson states that the officers believed that a surveillance camera at the

187th Avenue property ran to Erickson's residence on the 191st Avenue

property.  According to Erickson there is no surveillance connecting the two

properties.  The supposed surveillance connection is not contained in any of the

affidavits and Erickson does not explain how this information could affect the

warrants.

Erickson states law enforcement officers must have driven Sac to the

100th Street property before execution of the search warrant.  Erickson notes

that imbedded in the affidavits are observations made by law enforcement before

the warrants had been applied for or issued.  There is nothing to suggest that the

observations were in any way improper, however.

Erickson states that Sac advised law enforcement officers that a large metal building was located on the 100th Street property and that the building contained approximately 900 marijuana plants in various stages of growth.  This specific information is contained in the affidavit for the 100th Street property, but the affidavits for the 187th Avenue and 191st Avenue property only mention that a Guatemalan male admitted to assisting with a grow operation at the 100th Street property.  Erickson states that when the warrant for the 100th Street property was executed, no marijuana was found.  There is nothing to suggest that the officers could have known of this beforehand, or were reckless in relying on Sac.

The omitted, added, and clarified facts, if fully considered, do not undercut a finding of probable cause for issuance of the warrants; nor have they been shown to be a product of deliberate or reckless omission.  Minor differences exist between the search warrant affidavits because they were authored by different law enforcement officers.  Sergeant Tim Hayes of the Gainesville Police Department made the affidavits for the 187th Avenue property and the 191st Avenue property, both located in Alachua County.  Investigator Richard Rogers of the Levy County Sheriff's office made the affidavit for the 100th Street property that was located in Levy County.

All three affidavits were made on the same day, April 9, 2008, following

CASE NO.: 1:08cr10-SPM

the search of the first Williston property.  Subsequent discoveries, such as the lack of any marijuana at the 100th Street property, do not demonstrate that the officers, at the time they made their affidavits, included deliberate or reckless misstatements so as to render them invalid under Franks.

"[I]nsignificant and immaterial misrepresentations or omissions will not invalidate a warrant."  United States v. Reid, 69 F.3d 1109, 1114 (11th Cir. 1995). None of information that Erickson identifies is material to a finding of probable cause.  Erickson does make a substantial preliminary showing that any material misstatements or omissions were deliberately or recklessly made.  His motions are therefore subject to denial without an evidentiary hearing.  Id.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Erickson's motions to suppress (docs. 108, 109, and 110) are denied.

DONE AND ORDERED this 2nd day of October, 2008.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

CASE NO.: 1:08cr10-SPM