IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 1:08cr10-SPM

JOHN ROGER SAGER
WILLIAM J. ERICKSON,
MINERVA AGATHA QUINTANA,
DIEGO CHOXJ CHA,
FRANCISCO SAC, and
DOREEN SAGER,

        Defendants.
_____/

**ORDER DENYING MOTIONS TO SUPPRESS REGARDING
PRE-WARRANT OBSERVATIONS OF 191ST AVENUE PROPERTY**

Defendant William Erickson's Motion to Suppress Warrant less Search Prior to Search Warrant of 20120 SW 191st Avenue, Archer, Florida (doc. 142) was heard on January 16, 2009.  Erickson complains that law enforcement officers entered his property prior to obtaining a search warrant and made unlawful observations that were used to obtain the search warrant.  He seeks to suppress evidence of the observations made and evidence traceable to those observations, including evidence obtained during the execution of the search warrant.  See United States v. Gaultney, 656 F.2d. 109. 110 (11th Cir. 1981) (observations from unlawful search cannot be used in affidavit for search

warrant).

I.

Erickson bears the initial burden of demonstrating that an unlawful search occurred; that is, he bears the burden of showing that the officers violated his legitimate expectation of privacy when they made their observations. United States v. Harris, 526 F.3d 1334, 1338 (11th Cir. 2008). If Erickson does so, the burden falls upon the Government to show that an exception to the warrant requirement applies. Id. In this case, Erickson has failed to meet his initial burden because the officers made their observations while standing outside of Erickson's house and not in an area of the curtilage.

II.

At the hearing, Agent Robert Riley of the Drug Enforcement Administration ("DEA") was the only witness who testified. His testimony described the circumstances leading to the investigation of Erickson and the entry onto his property. Agent Riley explained that earlier in the day on April 9, 2008, officers executed a search warrant at an indoor marijuana grow operation located at 4150 Northeast 167th Court, Williston, Florida, ("167th Court property"). The 167th Court property is owned by co-defendant John Sager. Officers investigated utility and property records, which lead them to three contiguous rural residential properties located on the border of Alachua and Levy County, Florida.

One property at 12991 NE 100th Street, Archer, Levy County, Florida, ("100th Street property") is owned by Sager and Erickson jointly.  A second property at 19931 SW 187th Avenue, Archer, Alachua County, Florida, ("187th Avenue property") is owned by Erickson with utilities provided through a joint account for Sager and Erickson.   A third property at 20120 SW 191st Avenue, Archer, Alachua County, Florida, ("191st Avenue property") is owned by Erickson.  It is the subject of the motion to suppress.

Agent Riley explained that several officers walked to Erickson's front door at the 191st Avenue property.  Near the entrance to the driveway, Alachua County Deputy Kenny Holt saw surveillance cameras that were similar to cameras seen at the 100th Street property and the 187th Avenue property.  At the 187th Avenue property, DEA Agent Andrews had stood outside the gate and smelled marijuana coming from the outbuildings and heard an electric hum that he associates with ballasts used to power the lighting for an indoor marijuana grow operation.

Along the driveway of the 191st Avenue property, Agent Andrews saw a pile of harvested marijuana root bases.  The pile was large (4' high and 8-10' in circumference) and in plain view.  DEA Task Force Officer Mike Lynch observed a marijuana leaf inside a vehicle parked in the driveway.  In the yard, officers saw potted Leyland Cypress trees, which were also being grown at the 167th Court grow house in Williston.

When officers knocked at the front door of the 191st Avenue property, Erickson answered.  He told the officers to leave.  By that time, however, the officers determined that they could obtain a search warrant and secured the area.  Erickson and four officers stayed in the yard while a search warrant was being obtained.  While waiting with Erickson in the yard, Deputy Holt could see into the house and observed RMAX brand insulation, which is the same brand of insulation used at the grow house on the 167th Court property in Williston.  DEA Task Force Officer Lynch saw a surveillance monitor, which was believed to be connected to the surveillance cameras they had observed.  Agent Riley testified that he was not aware of any agents peering into windows or going behind the house, and that the observations were made while standing in the front yard.  These observations were included in the affidavit to secure the search warrant for the 191st Avenue property.

### III.

A search requiring a warrant under the Fourth Amendment occurs when the government invades an area in which a person entertains a legitimate expectation of privacy.  Oliver v. United States, 466 U.S. 170, 177-78 (1984).  A person has a legitimate expectation of privacy in his person, houses, papers, and effects, but "an individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home."  Id. at 178.  Thus, a warrant is needed when officers search the house

itself or the curtilage that "harbors those intimate activities associated with domestic life and the privacies of home." United States v. Dunn, 480 U.S. 294, 300 (1987).  This is in contrast to outside areas known as "open fields," which are regarded for Fourth Amendment purposes as tantamount to public places.  Id. Open fields include any undeveloped or unoccupied areas outside of the curtilage.  Id.

It is well-established that "[t]he Fourth Amendment . . . is not implicated by entry upon private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises." United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006).  "'[O]fficers are allowed to knock on a residence's door or otherwise approach a residence seeking to speak to the inhabitants just as any private citizen may.'" Id. quoting Estate of Smith v. Marasco, 318 F.3d 497, 519 (3d Cir. 2003).  Any observations in plain view from knocking on the door or approaching the residence can be made without a warrant.  "[T]here is no constitutional difference between police observations conducted while in a public place and while standing in the open fields." United States v. Dunn, 480 U.S. 294, 304 (1987).  From either vantage, it is permissible to make observations even if the objects observed lay within an area protected by the Fourth Amendment.  Id,

In this case, the observations made by the officer occurred along the driveway and near the front door.  Generally, these are not curtilage areas where

intimate activities take place. The driveway and front door are the principal means of access to the house from the street and are the more public areas of the property. The officers' entry into these areas to talk with Erickson was lawful and did not require a prior warrant. <u>Taylor</u>, 458 F.3d at 1204. Accordingly, it is

ORDERED AND ADJUDGED: Erickson's Motion to Suppress Warrant less Search Prior to Search Warrant of 20120 SW 191st Avenue, Archer, Florida (doc. 142) is denied.

DONE AND ORDERED this 26th day of January, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge